UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| JOHN A ZUNNER : | |
| JENNIFER ZUNNER : | CHAPTER 13 |
|    Debtor : | |
| : | |
| JACK N. ZAHAROPOULOS : | |
|    STANDING CHAPTER 13 TRUSTEE : | CASE NO. 1-25-BK-02535-HWV |
|    Movant : | |
| : | |
| JOHN A ZUNNER : | |
| JENNIFER ZUNNER | |
|    Respondent | |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 9th day of October 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor(s) has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

   a. Line 46 should provide for an increase in income from that reported on Line 2.
   b. Amount on Line 9b for mortgage is overstated.
   c. Trustee believes and avers that the plan payments should go up after the car loan for the Mazda 3 is paid.

2. Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(2) in that Debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. § 507.

3. Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

   a. The Plan is underfunded relative to claims to be paid.
   b. Secured claim(s) is not in the Plan. GM Financial claim #5 – arrears are not in the plan.

4. Debtor has not demonstrated that all tax returns have been filed as required by § 1325(a)(9).

5. Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:
   a. Debtor(s) has not provided to Trustee copies of the 2024 federal income tax returns as required by § 521(e)(2)(A).

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

   b. Deny confirmation of Debtor(s)' Plan.
   c. Dismiss or convert Debtor(s)' case.
   d. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder
Attorney for Trustee

## CERTIFICATE OF SERVICE

       AND NOW, this 9th day of October 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

MATTHEW LAZARUS, ESQUIRE
LAZARUS LAW, LLC
2173 EMBASSY DRIVE, UNIT 538
LANCASTER, PA   17603-

                                                     /s/Ashley Schott
                                                     Office of Jack N. Zaharopoulos
                                                     Standing Chapter 13 Trustee